**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

| | |
|---|---|
| SPECIAL COUNSEL EX REL. MICHELLE GRADNIGO, Petitioner, | DOCKET NUMBER CB-1208-25-0006-U-2 |
| v. | |
| DEPARTMENT OF VETERANS AFFAIRS, Agency. | DATE: January 28, 2025 |

# THIS STAY ORDER IS NONPRECEDENTIAL[1]

Dustin Frankel, Esquire, Washington, D.C., for the petitioner.

Michelle Gradnigo, Paradise, California, pro se.

Coleen L. Welch, Esquire, Martinez, California, for the agency.

Jeffrey D. Stacey, Esquire, Lakewood, Colorado, for the agency.

**BEFORE**
Cathy A. Harris, Chairman*
Raymond A. Limon, Vice Chairman
Henry J. Kerner, Member**

*The Board members voted on this decision before
the effective date of Acting Chairman Kerner's designation.
**Member Kerner recused himself and
did not participate in the adjudication of this appeal.

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

**ORDER ON STAY EXTENSION REQUEST**

Pursuant to 5 U.S.C. § 1214(b)(1)(B), the Office of Special Counsel (OSC) requests that the Board indefinitely stay the appellant's probationary termination pending the resolution of its petition for corrective action. For the following reasons, OSC's request is GRANTED.

**BACKGROUND**

As set forth in the December 16, 2024 Order on Stay Request, Ms. Gradnigo was terminated from her Site Manager position in March 2022. *Special Counsel ex rel. Gradnigo v. Department of Veterans Affairs*, MSPB Docket No. CB-1208-25-0006-U-1, Order on Stay Request, ¶ 2 (Dec. 16, 2024). On December 11, 2024, OSC requested a 45-day stay of Ms. Gradnigo's termination. *Id.*, ¶¶ 1-2. OSC argued that it had reasonable grounds to believe that the agency had terminated Ms. Gradnigo during her probationary period because of protected whistleblowing activity in violation of 5 U.S.C. § 2302(b)(8), and it requested that her termination be stayed while it prepared a petition for corrective action. *Id.*, ¶¶ 1-3. On December 16, 2024, OSC's stay request was granted.[2] *Id.*, ¶¶ 1, 9. The stay is currently in effect through January 29, 2025. *Id.*, ¶ 9.

On January 14, 2025, OSC filed a petition for corrective action on Ms. Gradnigo's behalf with the Board pursuant to 5 U.S.C. § 1212(a)(2)(A) and 5 U.S.C. § 1214(b)(2)(C). *Special Counsel ex rel. Gradnigo v. Department of Veterans Affairs*, MSPB Docket No. CB-1214-25-0011-T-1, Complaint File, Tab 1. On the same day, OSC filed the instant request to indefinitely extend the stay of Ms. Gradnigo's termination pursuant to 5 U.S.C. § 1214(b)(1)(B). *Special Counsel ex rel. Gradnigo v. Department of Veterans Affairs*, MSPB Docket

---

[2] On December 23, 2024, the agency filed a notice of compliance with the Order on Stay Request, asserting that it had reinstated Ms. Gradnigo to her position, effective December 16, 2024. *Special Counsel ex rel. Gradnigo v. Department of Veterans Affairs*, MSPB Docket No. CB-1208-25-0006-U-1, Stay Request File, Tab 3 at 2.

No. CB-1208-25-0006-U-2, Stay Request Extension File (SREF), Tab 1. In its request, OSC asserts that an indefinite stay is appropriate because there are reasonable grounds to believe that the agency has committed a prohibited personnel practice and because OSC has filed a petition for corrective action in the matter. *Id.* at 3-7. The agency has not filed a response to the request.

## ANALYSIS

In evaluating a request for an extension, the Board will view the record in the light most favorable to OSC and will grant a stay extension request if OSC's prohibited personnel practice claim is not clearly unreasonable. *Special Counsel ex rel. Waddell v. Department of Justice*, 105 M.S.P.R. 208, ¶ 3 (2007). The Board may extend the period of a stay for any period that it considers appropriate. 5 U.S.C. § 1214(b)(1)(B)(i); *Waddell*, 105 M.S.P.R. 208, ¶ 3; 5 C.F.R. § 1201.136(b).

Here, in its request for a stay extension, OSC explains that, because the agency declined to either take corrective action regarding the prohibited personnel practices identified in OSC's prohibited personnel practices report or respond to the report, it has filed a complaint with the Board seeking corrective action. SREF, Tab 1 at 2. OSC asserts that the relevant factual record has not changed since the initial stay request was granted. *Id.* at 3. Viewing the record in the light most favorable to OSC, we find that OSC's prohibited personnel practice claim is not clearly unreasonable, and, therefore, we find that a further stay is appropriate. *See Special Counsel v. Department of Veterans Affairs*, 60 M.S.P.R. 40, 41 (1993) (indicating that no change in the evidentiary record is a factor in favor of extending a stay).

A separate determination must be made regarding the length of the requested stay extension. *Waddell*, 105 M.S.P.R. 208, ¶ 5. Here, OSC asserts, among other things, that an indefinite stay extension will insulate Ms. Gradnigo from further harm stemming from unemployment while the Board adjudicates the

petition for corrective action. SREF, Tab 1 at 1, 6. The Board has found it appropriate to grant an indefinite stay extension when OSC has filed a petition for corrective action. *Waddell*, 105 M.S.P.R. 208, ¶ 5; *cf. Special Counsel ex rel. Feilke v. Department of Defense Dependent Schools*, 76 M.S.P.R. 625, 629-30 (1997) (finding that an indefinite extension of the stay of an employee's termination was not appropriate, in part because OSC had not yet filed a petition for corrective action). Given the circumstances, we find that an indefinite extension of the stay is appropriate under 5 U.S.C. § 1214(b)(1)(B).

## ORDER

Pursuant to 5 U.S.C. § 1214(b)(1)(B), an indefinite extension of the stay is hereby GRANTED, and it is ORDERED that:

(1)    The stay issued on December 16, 2024, is extended indefinitely on the terms and conditions set forth in that Order until the Board issues a final decision on the petition for corrective action, unless the Board determines it is appropriate to terminate the stay under 5 U.S.C. § 1214(b)(1)(D); and

(2)    Within 5 working days of this Order, the agency shall submit evidence to the Clerk of the Board showing that it has complied with this Order.

FOR THE BOARD:        _____
                      Gina K. Grippando
                      Clerk of the Board
Washington, D.C.